IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN MUNOZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-08-2863 |
| | § | |
| MAHENDRA N. GOHIL, M.D., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Juan Munoz, a federal inmate, filed this *pro se* section 1983 civil rights claim against Mahendra N. Gohil, M.D., a physician at the Rebecca Sealy Hospital in Galveston, Texas.[1] Defendant has filed a motion for judgment on the pleadings under Federal Rules of Civil Procedure Rule 12(c), to which plaintiff has responded. (Docket Entries No. 26, 28.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** judgment for defendant and **DISMISSES** this case for the reasons that follow.

### I. FACTUAL BACKGROUND AND CLAIMS

Plaintiff states that, on July 31, 2004, he injured his ankle while playing recreational soccer in federal prison. He was treated with ice packs and medications, but the pain and

---

[1] A second plaintiff, Farooq Nasar, was dismissed by the Court on May 14, 2009. Plaintiff named only these two individuals as defendants in his complaint. (Docket Entry No. 1, p. 2, Section 1-D.) Although plaintiff styled his lawsuit as, "Juan Munoz v. UTMB," he neither listed UTMB as a defendant in section 1-D nor set forth any factual grounds for liability against that state agency in his complaint.

swelling continued unabated. He was seen in the prison clinic on a weekly basis for two months, until x-rays revealed a poorly-healing spiral fracture of his distal fibula (a lower leg bone). He was sent to the University of Texas Medical Branch in Galveston, Texas, for further examination and treatment, where the foot was x-rayed and placed in a splint. Plaintiff complains that, because the injury was improperly treated and the x-rays and casting delayed, his foot is now improperly healed and will require corrective orthopedic surgery. He further complains that the orthopedic surgery is being repeatedly delayed, causing him pain and difficulty walking.

Plaintiff asserts claims for improper medical treatment, delayed treatment, and deliberate indifference to his serious medical needs. He sues defendant Gohil in her official, individual, and supervisory capacity,[2] and seeks recovery of monetary damages, costs of court, punitive damages, and injunctive relief for further treatment and corrective surgery.

## II. ANALYSIS

A. <u>Standard of Review</u>

A Rule 12(c) motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract*

---

[2]Plaintiff sued Gohil her in her official and individual capacity in his original complaint. (Docket Entry No. 1.) He clarified in his Rule 7(a) response that she was being sued in her supervisory capacity. (Docket Entry No. 22.) In the interest of justice, the Court has liberally construed plaintiff's complaint as raising claims against Gohil in all three capacities.

*Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The motion should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. In analyzing the complaint, the Court will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Doe v. Hillsboro Indep. School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

While a complaint need not allege detailed facts, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be enough to raise a right to relief above the speculative level; a claim has the prerequisite facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

B.  Individual Capacity

Plaintiff claims that Gohil was deliberately indifferent to his serious medical needs. To establish an Eighth Amendment claim for deliberate indifference, an inmate must

establish that prison officials or medical care providers had subjective knowledge of a substantial risk to his health, and that they responded with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). That is, the inmate must present evidence that prison officials or medical care providers refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his serious medical needs. Deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Id*. at 835. It is not sufficient that the defendants should have known of a substantial risk; they must have actual knowledge of the risk and ignore it. In sum, the prisoner must prove that officials knew of and disregarded an excessive risk of injury to him, and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id*. at 837.

For those reasons, evidence of unsuccessful medical treatment, negligence, neglect, or even malpractice is insufficient to demonstrate deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken

medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.").

Plaintiff's pleadings here fail to set forth a plausible factual basis for an Eighth Amendment claim against Gohil. Plaintiff sets forth no facts that allow this Court to draw a reasonable inference that defendant Gohil was deliberately indifferent to his serious medical needs. In describing his claim against defendant Gohil, plaintiff asserted in his complaint that, "During the time that Plaintiff addressed his injury Dr. Gohil was the interpreter called to translate to Plaintiff the doctors findings." (Docket Entry No. 1, p. 2.) He identifies no further acts or omissions regarding her involvement with his medical care. In her motion for judgment on the pleadings, defendant Gohil reports that, as shown by the medical records attached to plaintiff's complaint, her personal involvement with the treatment of plaintiff's foot injury was limited to a one-time radiological review of his x-ray on December 7, 2006, undertaken at the request of another physician. (Docket Entry No. 26, p. 2.) Plaintiff raises no complaints regarding the reading or interpretation of that x-ray, or regarding Gohil's interpretation and translation services. Plaintiff presents no non-conclusory, factual allegations showing that Gohil herself was deliberately indifferent to plaintiff's medical needs. Consequently, plaintiff asserts no factual basis for an Eighth Amendment claim against defendant Gohil in her individual capacity, and she is entitled to dismissal of plaintiff's deliberate indifference claim against her.

Because plaintiff's request for injunctive relief ordering Gohil to provide him further medical treatment is predicated upon a viable Eighth Amendment claim against her, his request for prospective injunctive relief is denied. He further fails to establish a constitutional denial pursuant to an official state policy upon which injunctive relief may be based. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (regarding official capacity claim for injunctive relief).

C.  Supervisory Liability

Plaintiff asserts in his pleadings that his claims against defendant Gohil are against her in her supervisory capacity. (Docket Entry No. 22.) In his Rule 7(a) response, plaintiff alleges as follows:

> The p[la]intiff had outlined the dates he was taken to University of Texas Medical branch where Manendra (sic) N. *Gohil was employed in a supervisory capacity*. While the defendant acted in his (sic) supervisory capacity, he (sic) was also acting under the authority of the hospital or medical institution. The party of interest in this case is those (sic) in a supervisory authority.
>
> \*   \*   \*   \*
>
> The claim must rest with those who are in a supervisory capacity at the UTMB. They are the ones who must review the level of care and treatment given to each patient who comes [through] its doors. They then must be responsible and then must answer for the level of care provided each patient. *Defendant Gohil was in that position of trust and authority and then must be held accountable for his (sic) supervision at the time the plaintiff came to the medical center.*

(Docket Entry No. 22, pp. 2-3, emphasis added.)

Plaintiff sets forth no factual basis for defendant Gohil's supervisory status. His claims against her in her supervisory capacity are based upon the above conclusory assertions of her position of authority; as conclusory allegations unsupported by any underlying facts, they are not entitled to the assumption of veracity, and no plausible claim is raised. *Iqbal*, 129 S. Ct. at 1940. Regardless, lawsuits against supervisory personnel based solely on their positions of authority are claims of liability under the doctrine of *respondeat superior*. Liability under section 1983 may not be based on a theory of *respondeat superior*. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978).

Assuming plaintiff had set forth facts establishing that defendant Gohil was employed in a supervisory capacity, supervisory officials may be held liable in only two instances: personal involvement in the acts or omissions constituting the alleged constitutional violation, or implementation of a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *See McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). Plaintiff alleges no facts showing that Gohil had any personal involvement in the acts or omissions claimed to constitute deliberate indifference, or that she implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. Defendant Gohil is entitled to dismissal of plaintiff's claims against her to the extent they are based on supervisory liability.

D.     Official Liability

To the extent that plaintiff sues defendant Gohil in her official capacity, she is entitled to Eleventh Amendment immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). *See also Hafer v. Melo*, 502 U.S. 21 (1991); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991). Defendant Gohil is entitled to dismissal of plaintiff's claims for monetary damages brought against her in her official capacity. Although Eleventh Amendment immunity does not shield Gohil from plaintiff's claim for injunctive relief, the Court has already noted that plaintiff sets forth no plausible Eighth Amendment claim against Gohil on which injunctive relief may be based.

### III.  CONCLUSION

The motion for judgment on the pleadings (Docket Entry No. 26) is **GRANTED** and this lawsuit is **DISMISSED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

**SIGNED** at Houston, Texas, on this the 1st day of March, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

8